19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee DRAPEAU, Plaintiff-Appellant,
v.
Richard A. VERNON, et al., Defendants-Appellees.
 No. 93-35126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Lee Drapeau, an Idaho state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Drapeau contends that the district court erred by granting defendants' motion for summary judgment without giving him notice of the requirements for summary judgment rulings under Fed.R.Civ.R. 56 pursuant to Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). In his Sec. 1983 action, Drapeau alleged that prison officials violated his Eighth Amendment rights by (a) exercising deliberate indifference to his medical needs; (b) locking him in a cell for the mentally ill; and (c) engaging in excessive physical violence when they placed him in the mental illness unit. Additionally, Drapeau alleged that the parole commission wrongfully denied his parole due to his mental illness and his status as a sex offender. We have jurisdiction under 28 Sec. U.S.C. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and we affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirement for summary judgment rulings under Fed.R.Civ.P. 56. Klingele, 849 F.2d at 411-12. The party opposing summary judgment cannot rest on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 1. Klingele warning
 
 4
 Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Rule 56(e). Klingele, 849 F.2d at 411.
 
 
 5
 Here, prior to the filing of defendants' motion for summary judgment, Drapeau was given a full opportunity for discovery, including interrogatories and medical document production. On July 20, 1992, the district court mailed Drapeau a "notice of past due response to motion" informing him that the court had not received his opposition to defendants' motion for summary judgment, and could face a summary dismissal if he did not file an opposition to the motion. Although Drapeau did not file a written response nor provide any responsive evidence to ward off summary judgment under Rule 56(e), he was given the opportunity to challenge the motion for summary judgment, with the assistance of a jailhouse lawyer, at a telephonic hearing held on July 31, 1992. Moreover, the district court, after reviewing the entire record, found that Drapeau failed to come forward with evidence sufficient to establish the existence of any elements essential to his case. Further, on appeal Drapeau fails to articulate what helpful evidence would have prevented a finding of summary judgment.
 
 
 6
 Thus, although the district court did not advise Drapeau of the requirements for summary judgment per se, we conclude that the error was harmless. See id.
 
 2. Eighth Amendment claims
 
 7
 (a) deliberate indifference to medical needs
 
 
 8
 To show a violation of the Eighth Amendment, a prisoner must establish acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 9
 Here, Drapeau claims that the defendants failed to take seriously his complaints about possible side-effects of the psychotropic medication he received for his bipolar disorder, and the "heart-skipping" he suffered in 1987, but he fails to produce any evidence to support that defendants mistreated his condition or that he suffered any injury from their treatment. Moreover, defendants offered evidence that medical specialists had seen and treated Drapeau on many occasions, that his treatment with psychotropic drugs was carefully monitored with regular lab tests, and that Drapeau was seen by a physician when he complained of a possible heart attack in 1987. Thus, because Drapeau was unable to offer anything more than conclusory allegations regarding any lack of medical treatment, let alone medical indifference, his Eighth Amendment claim is deficient. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059.
 
 
 10
 (b) lock-up with the mentally ill
 
 
 11
 The Eighth Amendment prohibits punishment which involves the unnecessary and wanton infliction of pain, is grossly disproportionate to the severity of the crime or serves no justifiable penological interest. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a medical mistreatment claim under Sec. 1983. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 12
 Here, defendant Dr. Sterling ordered that Drapeau be put in a cell for the mentally ill after he was diagnosed as suffering a relapse of his mental condition, requiring additional care. Although Drapeau contends that he was not mentally ill at the time, and that the defendant's decision to place him with the mentally ill was "cruel," he offers no evidence to support that the defendant's action was an act of punishment or a product of a misdiagnosis. Thus, Drapeau's Eighth Amendment claim regarding his lock-up with the mentally ill is deficient. See Rhodes, 452 U.S. at 346; Sanchez, 891 F.2d at 242.
 
 
 13
 (c) use of excessive physical force
 
 
 14
 In order to determine whether prison officials used excessive physical force in violation of the Eighth Amendment, the core inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillan, 112 S.Ct. 995, 999 (1992). To decide whether use of force was wanton and unnecessary, the court must examine the necessity of the force, the relationship between necessity and amount of force used, the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response. Id.
 
 
 15
 Here, although Drapeau made conclusory allegations that defendants tackled him, shoved him against a wall, lifted his arms "beyond its painful limit" and then carried him to a cell, he offers no evidence to support that defendants' actions were done maliciously or sadistically to cause harm. In fact, prison officials found it necessary to move Drapeau to the living unit where mentally ill inmates are treated because he was suffering a relapse of his mental illness. Defendants were aware that Drapeau had a history of violent offenses in prison when suffering from a manic episode of his bipolar disorder, and in this instance, it is undisputed that Drapeau refused to go to the mental unit. Thus, Drapeau's Eighth Amendment claim that defendants use excessive force when they put him in the mental unit is deficient. See Hudson, 112 S.Ct. at 999.
 
 3. Denial of Parole
 
 16
 Parole officials are entitled to absolute quasi-judicial immunity from liability for actions taken in granting, denying or revoking parole. Fendler v. United States Parole Comm'n, 714 F.2d 975, 980 (9th Cir.1985); Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir.1983); Sellers v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 454 U.S. 1102 (1981).
 
 
 17
 Here, defendant parole commissioners Chidichimo, Leggett, Morris, Rodriquez, Sharp and Craven denied Drapeau's parole request in the regular course parole proceedings. Thus, they are entitled to absolute immunity regarding Drapeau's civil rights claim that they wrongfully denied his parole. See Fendler, 714 F.2d at 980; Anderson, 714 F.2d at 909; Sellers, 641 F.2d at 1303.
 
 
 18
 Accordingly, the district court did not err in granting defendants' motion for summary judgment in Drapeau's 42 U.S.C. Sec. 1983 action. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045; Leer, 844 F.2d at 631.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3